UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS WOODS | CIVIL ACTION NO. 1:16-CV-01097 |
| VERSUS | CHIEF JUDGE DRELL |
| JACKIE FOWNER, et al. | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I.  Background and Analysis

Carlos Woods ("Woods") filed a motion to dismiss prosecution for failure to institute prosecution within 90 days. According to Woods, he was involved in an incident at USP-Pollock that was investigated by the FBI. Woods contends the FBI referred the case to the U.S. Attorney for prosecution, but the U.S. Attorney failed to initiate prosecution within 90 days, as required by an unspecified rule in the Federal Rules of Criminal Procedure. Woods filed his motion to dismiss prosecution (Doc. 1) due to the U.S. Attorney's dilatoriness.[1] Woods is currently incarcerated in the U.S. Penitentiary in Pollock, Louisiana ("USP-Pollock").

---

[1] The Clerk of Court filed Woods's motion to dismiss as a § 1983 complaint, and made defendants of every person whom Woods's named in the factual basis for his petition. Woods also stated in his petition that he would like to file charges against T. Fowner and P. Odhimabo (both employed at USP-Pollock) for perjury. Charges against a person are not filed through a habeas or civil rights-type action.

A motion alleging a defect in an indictment or information must be raised in a pretrial motion. See Fed.C.Cr.P. Rule 12(b). Such a motion may include an objection on the basis of delay. See Fed.C.Cr.P. Rule 12(b).

There is no prosecution pending against Woods at this time. Therefore, Woods's motion to dismiss the prosecution should be dismissed as premature. If and when a prosecution is instituted, Woods may re-urge his motion to dismiss.

## II. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Woods's motion to dismiss be DENIED AND DISMISSED WITHOUT PREJUDICE as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 5th day of October, 2016.

                                              Joseph H.L. Perez-Montes
                                              United States Magistrate Judge