| CARLOS WOODS | CIVIL ACTION 1:16-CV-01097 |
|---|---|
| VERSUS | JUDGE TRIMBLE |
| JACKIE FOWNER, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Plaintiff Carlos Woods filed a complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which is consolidated with another action he has pending in this Court (<u>Woods v. Carvajal</u>, No. 1:17-cv-00289). A Report and Recommendation was issued, recommending dismissal of Woods' claims as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (Doc. 54).

Since then, Woods has filed a Motion to Appoint Counsel (Doc. 56); a Motion to Remove Consolidation Order (Doc 57); a Motion for Restraining Order (Doc. 58); a Motion to Correct Error in Report and Recommendation (dated March 22, 2017) (Doc. 59); a Motion to Release Documentation (Doc. 60); a Summary of Undisputed Facts/Complaint (Motion for Summary Judgment) (Doc. 64); a Motion for Default Judgment (Doc. 65); a "Rule 34 Motion" (Doc. 66); a "Rule 45 Motion" (Doc. 67); a "Rule 65 Motion for Restraining Order" (Doc. 68); and another Motion for Default Judgment (Doc. 70). Woods also sent a letter to the Clerk's office, asking that the cases be "unconsolidated" (Doc. 69).

1.

Woods's Motion to Appoint Counsel (Doc. 56) is DENIED for the reasons previously given (Docs. 16, 30, 31).

2.

Woods's Motions to Remove Consolidation Order (Docs. 57, 69) are DENIED. The cases are properly consolidated.

3.

Woods's "Motion for Restraining Order" against every Defendant (Doc. 58) and his "Rule 65 Motion for Restraining Order" against several prison employees (Doc. 68) are DENIED. Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition, and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

In order for Woods to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. See Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981).

Woods's allegations that Defendants are "taking" his legal papers and family photos, and his bald request that several named prison employees stay "within 100 feet" of Woods "for safety," do not show that he has been threatened with irreparable injury. Moreover, Woods cannot show there is a substantial likelihood that his cause will succeed on the merits, since there is already a recommendation to dismiss his claim as barred by Heck.

4.

Woods's Motion to Correct Error in Report and Recommendation[1] (Doc. 59) (actually a memorandum order), contending he paid the filing fee in the consolidated case, so he does not need to pay a filing fee in this case. Woods's motion (Doc. 59) is DENIED. There was no error in the order. Woods must pay the filing fees, or apply for and be granted permission to proceed *in forma pauperis,* in every case he files.

5.

Woods's Motion to Release Documentation (Doc. 60) is DENIED. This is a discovery motion that must be sent directly to Defendants after they have been served and have answered.

6.

Woods's Summary of Undisputed Facts/Complaint (Motion for Summary Judgment) (Doc. 64) is DENIED as premature. Defendants have not yet been served.

---

[1] The Order for Woods to pay his filing fee or correct the deficiencies in his application to proceed *in forma pauperis* was erroneously captioned as a "Report and Recommendation" (Doc. 47). Nevertheless, the order was clear, and Woods has clearly stated that he will not comply with the order.

7.

Woods's Motions for Default Judgment (Docs. 65, 70) are denied. Defendants have not yet been served.

8.

Woods's "Rule 34 Motion" (Doc. 66) is DENIED. This is a discovery motion that must be sent directly to the Defendants after they have been served and have answered.

9.

Woods's "Rule 45 Motion" (Doc. 67), to have Defendants served, is DENIED as premature. There is a pending Report and Recommendation to have Woods's action denied and dismissed. If Woods' action is not dismissed and if Woods' either pays his filing fee or is allowed to proceed *in forma pauperis*, service on Defendants will be ordered.

10.

Woods has failed to pay the filing fee in this case, despite having been twice ordered to do so (Docs. 3, 47). Woods has stated that he sees to no reason to pay two filing fees for two different actions, since they have been consolidated. However, as previously explained to Woods, consolidation of actions does not relieve a Plaintiff of his obligation to either pay the filing fee, or apply for and be allowed to proceed *in forma pauperis,* in <u>each</u> suit. Woods's final compliance deadline was April 7, 2017.

Accordingly, IT IS ORDERED that Woods' action is DISMISSED WITHOUT PREJUDICE, pursuant to Fed. R. Civ. P. rule 41(b),[2] for failure to pay his filing fee or to submit a completed application to proceed *in forma pauperis*.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 20th day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

---

[2] See Link v. Wabash Railroad Company, 370 U.S. 626, 630-33 (1962); Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir. 1983).